Latchmie TOOLASPRASHAD,
Appellant

v.

FEDERAL BUREAU OF PRISONS;
Jerry Graber, Chief Internal Affairs;
Harrell Watts, Internal Affairs; Mike
Nelson, Internal Affairs; Art Beeler,
Warden, FCI Fort Dix, NJ; E.L. Ta-
tum, Assistant Case Manager, Coordi-
nator; Henry J. Sadowsky, Regional
Counsel; Wendy J. Roal, National In-
mate Appeals; Joseph Gilbert Reed,
Lt., Allenwood, FCI; John Adami,
Case Manager, Allenwood, FCI; Carl
Stevens, Unit Manager, Allenwood,
FCI; D. Richards, Captain, Allen-
wood, FCI; Doug Moyer, Case Manag-
er, Coordinator; Pete Ackley, Associ-
ate Warden, Allenwood, FCI; Lesa
Cowan.

No. 05–4239.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 6, 2007.

Filed Oct. 26, 2007.

Latchmie Toolasprashad, Fort Dix, NJ,
pro se.

G. Michael Thiel, Office of United States
Attorney, Scranton, PA, for Federal Bu-
reau of Prisons, et al.

Before: SLOVITER, McKEE and
AMBRO, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Latchmie Toolasprashad, ap-
peals from an order entered by the United
States District Court for the Middle Dis-
trict of Pennsylvania granting summary
judgment to the Federal Bureau of Pris-
ons ("BOP") on Toolasprashad's Privacy
Act damages claim, the only claim that
remained of Toolasprashad's complaint af-
ter it was transferred from the United
States District Court for the District of
Columbia. We will affirm the District

Court's entry of judgment in favor of the BOP.

The facts and extensive procedural history of this case are well known to the parties; thus, it is not necessary for us to restate them in great detail here. It suffices to note that Toolasprashad, a federal prisoner, alleges that the BOP violated the Privacy Act, 5 U.S.C. § 552a, when it transferred him to a correctional institution far from his parents' home and classified him as a "special offender" based upon false information contained in a BOP memorandum written on September 8, 1997. Specifically, the challenged BOP memorandum contained statements noting that: 1) Toolasprashad had a "significant documented history of harassing and demeaning staff members" at FCI–Allenwood; 2) since his arrival at FCI–Allenwood, there were four separate investigations conducted by a Special Investigative Supervisor ("SIS") relating to his "manipulative behavior;" 3) despite staff encouragement for proper programming, Toolasprashad "continued to demonstrate a personal vendetta;" and 4) Toolasprashad "has clearly disrupted the orderly running of [FCI–Allenwood]" and "is considered to be a management problem based on his blatant disrespect for authority."

The District Court considered Toolasprashad to have fulfilled the first element of a Privacy Act claim, i.e., that his transfer and redesignation were adverse determinations. See, e.g., Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 581 (D.C.Cir.2002)(citing 5 U.S.C. § 552a(g)(1)(C), and Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C.Cir.1996)). With respect to the second element concerning the accuracy of the transfer memorandum, the District Court noted that insofar as the memorandum contains a combination of subjective judgments and objective factual assertions, differing review standards applied to each challenged aspect of the memo. Additionally, the District Court concluded that Toolasprashad was precluded from challenging the actual documents which supported the transfer memorandum because as he had not demonstrated that administrative remedies had been exhausted with respect to the documents referenced by the BOP in the transfer memo. See D. Ct. Memorandum Opinion at 14 citing (5 U.S.C. § 552a(d)(2) and (d)(3)).

According to the District Court, the first comment noting that Toolasprashad has a "significant documented history of harassing and demeaning staff members" at FCI–Allenwood is, in part, a factual conclusion supported by documents in the record. The question of whether the behavior at issue in those documents (i.e., incident reports based on, inter alia, "insolence towards staff" and "conduct which disrupts or interferes with the orderly running of the institution which most resembles lying or providing false information to a staff member," etc.) was appropriately characterized by the memo writer as "harassing and demeaning" toward staff members is one of opinion or judgment, and is not subject to review under the Privacy Act. See id. at 16. Likewise, the statement asserting that four separate SIS investigations were conducted regarding Toolasprashad's "manipulative behavior" was based, in part, on a factual statement regarding the number of investigations actually conducted—a contention capable of simple verification in the summary judgment record—and on an assessment of Toolasprashad's behavior as "manipulative," a subjective judgment not within the ambit of judicial review.

Toolasprashad's challenge to the next two statements in the September 8th

memo fared no better. The comment regarding Toolasprashad's "continued personal vendetta" despite staff encouragement for proper programming was found by the District Court to relate more to his behavior and attitude as opposed to any other objectively verifiable facts such as completed courses, work assignments, etc. As such, the statement was viewed to constitute an opinion that was, in any event, "sufficiently accurate" given the evidentiary record presented. Finally, the statement that Toolasprashad disrupted the orderly running of FCI–Allenwood was found by the District Court to be supported by the four SIS investigations, and the characterization of Toolasprashad as a "management problem" was found to reflect an opinion sufficiently accurate to withstand a Privacy Act claim. Accordingly, given the foregoing, the District Court determined that no reasonable trier of fact could conclude that any material statement in the September 8th memo is sufficiently inaccurate to entitle Toolasprashad to monetary relief under the Privacy Act. Summary judgment was thus entered in favor of the BOP and this timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order granting a motion for summary judgment. *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 451 (3d Cir.2006). After careful review of the record,[1] we find that summary judgment in favor of appel-lee BOP was proper for essentially the reasons given by the District Court. We have considered the contentions raised by Toolasprashad on appeal and reject them as meritless with little discussion. His reliance on the decision of the United States Court of Appeals for the District of Columbia Circuit as dispositive of the current appeal is misplaced, as the Court in that case was reviewing a decision granting a motion to dismiss and viewed the facts "through that lens." *See Toolasprashad*, 286 F.3d at 580. Additionally, the Court there noted that "[g]iven the posture of [the] case—a motion to dismiss—[it] neither should nor need decide the typicality issue," the very issue upon which the underlying District Court decision is based. *Id.* at 583. Finding no reversible error with the District Court's analysis in that regard, we affirm its decision. Likewise, finding no reason to appoint counsel in this case, *see Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993), or to hold oral argument, we deny these requests.

---

1. It appears that portions of the summary judgment record were misplaced or lost. Accordingly, the parties were requested to provide assistance in recompiling those documents and have done so as best they can. Importantly, the documents provided, which we have reviewed, include those offered as support for the BOP's transfer memo of September 8, 1997: 1) the Incident Report of 1/27/94 (exhibit 4 of Motion for Summary Judgment); 2) Incident Report of 3/10/95 (ex-hibit 5); 3) Disciplinary Hearing Officer's report of 3/13/95 re: incident of 3/10/95 (exhibit 6); 4) Marguis' memo of 12/22/95 (exhibit 7); 5) Transfer Request of 6/12/96 (exhibit 8); 6) Administrative Detention Order of 11/1/96 (exhibit 9); and 7) Transfer Request of 8/25/97 (exhibit 10). By separate order filed simultaneously with this opinion, those documents will be transferred to the District Court and will constitute the official record for the relevant entries noted.